MARCIAL RIVERA, Plaintiff and Appellee, *v.* ROMUALDO ZAVALA, Defendant and Appellant. CAMILO RIVERA, Plaintiff and Appellee, *v.* ROMUALDO ZAVALA, Defendant and Appellant.

Nos. 5026, 5137, 5027, and 5136. Argued May 21, 1931.—Decided February 12, 1932.

*Tous Soto & Zapater* for appellant.   *R. Arjona* for appellees.

MR. JUSTICE ALDREY delivered the opinion of the Court.

Two actions were brought in the District Court of Ponce against Romualdo J. Zavala, who has appealed from the orders denying a new trial and from the judgments rendered against him.   The actions were decided in a single opinion by the lower court although separate judgments were rendered in each case.   We will also consider the cases together, as the four appeals were jointly heard on a common brief.

A person who entered the drugstore of appellant Romualdo J. Zavala stole a gold watch and chain while the druggist was looking for some medicinal compound which the person in question sought to buy.   Said person was charged with larceny and was convicted, but the stolen jewerly was not found, and this caused the publication in the newspaper "El Día" of a letter addressed to Mr. McManus, Chief of Detectives. Said letter, which was not signed by defendant but by somebody else, Esteban López, was regarded by Marcial Rivera, a member of the Insular Police, as offensive to him, and he brought suit against Zavala alleging that Esteban López had written and published it acting as agent of defendant and prayed for damages in the sum of $5,000.   As a second cause of action it was alleged in the complaint that defendant, on a certain occasion and in the presence of several persons had made statements which plaintiff considered as slanderous, and prayed for the recovery of $3,000 as damages.

Camilo Rivera, a merchant of Peñuelas and brother of Marcial Rivera, considering the publication of the letter in the newspaper and the statements referred to in the complaint of Marcial Rivera as defamatory and injurious to him also, brought suit against Zavala and alleged the same two causes of action.   He prayed for damages in the same amounts as the other plaintiff.

Both complaints were amended at the trial, over the objection of defendant, after plaintiffs had submitted all their evidence. Defendant in each case moved the court to dismiss said complaints on the ground that the evidence introduced was not sufficient to support a judgment of recovery. The motion was denied by the lower court and, defendant having refused to submit any evidence, the court rendered judgment directing defendant to pay to Marcial Rivera as damages the sum of $1,200 and to Camilo Rivera likewise the sum of $500.

Nearly all the grounds for reversal urged by appellant refer to the cause of action for libel, as very few paragraphs are dedicated to the action for slander. However, in view of the examination we have made of the record and the conclusion reached, it will be sufficient for us to consider the ground concerning the insufficiency of the evidence submitted by plaintiffs.

As we have already said, the letter published in the newspaper "El Día," which the plaintiffs regard as defamatory, is not signed by defendant Zavala but by Esteban López, who was the only witness introduced by plaintiffs to connect defendant with the publication of the letter. Said witness, who was not contradicted, testified at the trial that he was at the time a reporter for the newspaper "El Día" and that he wrote the letter from information derived from public rumors, and from other information furnished him by Zavala whom he interviewed; and that after writing the letter he delivered it to the newspaper office, for its publication without submitting the same to Zavala for his approval. Referring to this witness, the court in its opinion filed in support of the judgment rendered, said:

"The defendant could not but notice, unless he was blind and this has not been shown, what kind of a man was Esteban López, 'a law agent' and 'reporter,' a cringing fellow by his appearance, by his way of looking and by his speech; a real despicable type, according to the estimate of the court from personal observation, and it is

the court's wish to specifically so state in this opinion. It is difficult, to understand how a serious newspaper could publish anything written and taken to its editorial offices by such a man. But it was so published.''

Elsewhere in the opinion the court said:

"Apart from the fact that it has not been proved that Esteban López was a reporter, unless it be by his own testimony, and already the court has expressed its estimate of said Esteban López. . .''

In our judgment, the testimony of Esteban López is not sufficient for concluding that the appellant is responsible for the statements contained in the letter written by the said López and published under his signature in the newspaper "El Día,'' because if the lower court did not believe that said witness was a reporter of said newspaper, and that after having written the letter he failed to submit the same to appellant for his approval, without any proof to the contrary in support of the conclusions of the trial court, said court should have doubted and distrusted the rest of his testimony, as provided in the third and fourth paragraphs of Section 162 of the Law of Evidence, and that in view of the low estimate placed by that court upon the character of said witness, as appears from its opinion filed, it should not have rendered a judgment for plaintiff based on the sole testimony of said witness. How can the judgments of recovery be reasonably based on the sole testimony of such a despicable witness, as the lower court held him to be? If he is such a man as described by the trial court, it should not have believed him at all. The finding of the court a quo that appellant was guilty of libel can not be sustained.

As regards the cause of action for slander, the lower court held that the plaintiffs had satisfactorily proved by the uncontradicted testimony of three witnesses, that defendant while traveling in a bus was asked by someone whether he had recovered his watch and had answered "that said watch would not be found because Marcial Rivera and his brother

Camilo Rivera were involved in the matter and unless pressure was exerted on Marcial no discovery would be made.''

The appellant does not challenge that conclusion of the court but he contends that such words do not constitute slander.

The Act approved February 19, 1902, authorizing civil actions to recover damages for libel and slander, by its section 3 defines slander as a false and unprivileged communication other than libel, which imputes to any person the commission of a crime, or tends directly to injure him in respect to his office, profession, trade or business, or which by natural consequences causes actual damages.

The words uttered by the appellant do not impute to the appellees the commission of any crime, nor are they of such nature as to tend directly to injure appellees in respect to their offices, professions, trades or businesses, or that by their natural consequences have caused them actual damages. No proof of damages was submitted.

The judgments appealed from must be reversed.